ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| LUIS RUEMMELE GARCÍA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECIÓN Y REHABILITACIÓN<br><br>Recurrido | **TA2025RA00146** | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: DH0200-G0011<br><br>Sobre: Incumplimiento a las Reglas de Procedimiento Orden Administrativa CBSH50-25 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

El 7 de agosto de 2025[1] el Sr. Luis Ruemmele García (señor Ruemmele o "el recurrente") por derecho propio, *in forma pauperis*, presentó ante este foro un documento titulado *Moción de Incumplimiento*, y nos solicitó que le ordenáramos al Departamento de Corrección y Rehabilitación (DCR o "parte recurrida") a que cumplan con su deber ministerial, y lo trasladen a la Institución Correccional Bayamón 501.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el recurso por falta de jurisdicción.

### I.

Según surge del expediente, el 16 de junio de 2025, el señor Ruemmele presentó ante la División de Remedios Administrativos del Departamento de Corrección y

---

[1] No obstante, el sobre del correo postal tiene un matasellos con la fecha del 5 de agosto de 2025.

Rehabilitación una *Solicitud de Remedio Administrativo*.[2] En esencia, solicitó que fuera trasladado a la Institución Correccional Bayamón 501, debido a que, es la más cercana a la vivienda de sus familiares.

No obstante, el recurrente no anejó ningún otro documento del cual podamos constatar si poseemos jurisdicción para ejercer nuestra función revisora o sobre cuál determinación recurre.

El 14 de agosto de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en nuestro Reglamento para que presentara su alegato en oposición.

Así las cosas, el 11 de septiembre de 2025, el DCR, representado por la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en Cumplimiento con Resolución y Solicitud de Desestimación*. En esencia, expresó que el recurrente no nos puso en posición para evaluar su reclamo, al no incluir, si alguna, la determinación de la agencia u otros documentos esenciales. Por ello, solicitó la desestimación del recurso.

## II.

### -A-

"La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias." *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR 384 (2022). Por ello, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre

---

[2] *Solicitud de Remedio Administrativo*, anejo I en el recurso de epígrafe.

la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, supra, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, supra; *Torres Alvarado v. Maderas Atiles,* 202 DPR 495 (2019).

En ese sentido, nuestro Tribunal Supremo ha enfatizado consistentemente que la falta de jurisdicción trae consigo las siguientes consecuencias:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003*); Autoridad Sobre Hogares v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin

entrar en los méritos de la controversia. MCS Advantage, Inc. v. Fossas Blanco y otros, supra; *González Santos v. Bourns PR, Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. ARPE,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser celosos guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.,* 182 DPR 86 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

–B–

El perfeccionamiento del recurso de revisión está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas Reglamento TA*, 2025 TSPR 42, dispone que:

> *Regla 59-Contenido del recurso de revisión*
>
> El escrito de revisión contendrá:
>
> […]
>
> (C) Cuerpo
>
> (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
>
> (a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio*, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

El Tribunal Supremo de Puerto Rico señaló *en Morán v. Martí*, 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de

aquilatar y jurisprudenciar el error señalado. Así pues, nuestro Más Alto Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean." A su vez, resaltó que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo." *Íd.*

Por ello, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. *Íd.* No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. *Íd.*

-C-

En lo pertinente, la Regla 83, del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, dispone que este foro podrá *motu proprio*, en cualquier momento, desestimar un recurso, debido a que: (1) carecemos de jurisdicción; (2) recurso se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge

claramente la falta de una controversia sustancial; o (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159 (2012); *Pueblo v. Rivera Toro*, 173 DPR 137 (2008). Por consiguiente, el incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados. *Pueblo v. Valentín Rivera*, 197 DPR 636 (2017). Por lo tanto, conforme ha resuelto nuestro Más Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Martí*, supra.

Por ello, la aplicación flexible del Reglamento sólo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. Nuestro Tribunal Supremo reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122 (1998). Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III.**

En el caso de autos, el peticionario incumplió con el Reglamento del Tribunal de Apelaciones, al no incluir

la determinación objeto del presente recurso. Es decir, incumplió con requisitos reglamentarios para su perfeccionamiento, los cuales son necesarios para que podamos asumir jurisdicción y así atenderlo. El señor Ruemmele, como bien argumenta la Oficina del Procurador General de Puerto Rico, no nos puso en condiciones para poder determinar sobre la corrección o validez de sus alegaciones.

Por consiguiente, debido a la ausencia de señalamientos de error y del dictamen que se pretende recurrir, estamos privados de jurisdicción para atender el recurso.

## IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones